**UNITED STATES DISTRICT COURT
FOR EASTERN DISTRICT OF MICHIGAN**

GENERIS ENTERTAINMENT, LLC,
    Plaintiff,

v.

MARY ANNE DONLEY in her official capacity; KRISTIN BELTZER in her official capacity; Dennis Olshove in his official capacity; HOON-YUNG HOPGOOD in his official capacity; LEE GONZALES in his official capacity; and EDWARD TOMA in her official capacity; and BLAKE BITNER, in his personal and official capacities;
    Defendants

Case No.: 24-cv-12661
Honorable _____

**COMPLAINT
JURY DEMANDED**

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

**COMPLAINT**

NOW COMES Plaintiff GENERIS ENTERTAINMENT, LLC, by and through counsel, and pleads unto this Court as follows—

**PARTIES**

1.    Plaintiff GENERIS ENTERTAINMENT, LLC is a Michigan limited liability company formed under the laws of the State of Michigan

2.    Defendant MARY ANNE DONLEY is the director of enforcement at the Michigan Liquor Control Commission and is sued her official capacity.

3.    Defendant KRISTIN BELTZER is the chairperson of and appointed commissioner at the Michigan Liquor Control Commission and is sued her official capacity.

4.    Defendant DENNIS OLSHOVE is an appointed commissioner at the Michigan Liquor Control Commission and is sued his official capacity.

1

5. Defendant HOON-YUNG HOPGOOD is an appointed commissioner at the Michigan Liquor Control Commission and is sued his official capacity.

6. Defendant LEE GONZALES is an appointed commissioner at the Michigan Liquor Control Commission and is sued his official capacity.

7. Defendant EDWARD TOMA is an appointed commissioner at the Michigan Liquor Control Commission and is sued his official capacity.

8. Defendant BLAKE BITNER is an appointed commissioner at the Michigan Liquor Control Commission and is sued his official capacity.

## JURISDICTION

9. This is a civil action brought pursuant to 42 U.S.C. § 1983 seeking relief for violations of the United States Constitution.

10. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, which authorizes federal courts to decide cases concerning federal questions and 28 U.S.C. § 1343, which authorizes federal courts to hear civil rights cases.

## GENERAL ALLEGATIONS"

11. Plaintiff GENERIS ENTERTAINMENT, LLC operates as Retro Rocks, a licensed restaurant located in Hamilton Street District within the City of Saginaw.

12. One of its former employees was Joshua Munger.

13. Unbeknownst to Plaintiff GENERIS ENTERTAINMENT, Munger was stealing and consuming alcohol products.

14. On his shift on the evening of October 1, 2023 through the time he closed early in the morning on October 2, 2023, Munger was stealing and consuming alcohol products.

15. After he left work upon completing his shift and fully left the premises, Munger crashed his vehicle into a stone boulder and a parked pick-up truck at or near 3000 block of Weiss Street in Saginaw Township.

16. According to a police interview at the time, Munger had no memory of events prior to the crash.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

2

17. The main law enforcement responding officer was Defendant Michigan State Police Trooper BLAKE BITNER.

18. After initially speaking with Munger, Defendant BLAKE BITNER caused field sobriety tests to be performed after Munger admitted that he was not supposed to be consuming any alcohol.

19. After failing the field sobriety test, Munger was arrested by Defendant BLAKE BITNER.

20. Prior to being lodged at the Saginaw County jail, Defendant BLAKE BITNER took Munger to the hospital for a blood draw where the latter tested at 0.418 g/100 mL, i.e. five times the maximum legal level to operate a vehicle in Michigan.

21. Immediately after learning of the events of October 2, 2023, Plaintiff GENERIS ENTERTAINMENT suspended Munger from his position and later terminated him after learning of the extent of his wrongful and unauthorized actions.

22. At no point did Plaintiff GENERIS ENTERTAINMENT bless, agree, condone, or encourage Munger to consume stolen alcohol at the premises or while on duty; in fact, Munger was stealing from Plaintiff GENERIS ENTERTAINMENT.

23. Plaintiff GENERIS ENTERTAINMENT never allowed Munger to consume alcoholic liquor upon its licensed premises or otherwise be on the licensed premises in an intoxicated condition during his overnight shift on October 1, 2023 going into October 2, 2023.

24. By being the victim of employee theft, Plaintiff GENERIS ENTERTAINMENT was and is a crime victim of Munger's illegal actions.

25. However, Defendant BLAKE BITNER never treated or respected Plaintiff GENERIS ENTERTAINMENT as a crime victim that it was and is.

26. Instead, Defendants BLAKE BITNER, together with MARY ANNE DONLEY, sought to investigate and punish Plaintiff GENERIS ENTERTAINMENT using unconstitutional laws, rules, and policies enacted and maintained by Defendants BELTZER, OLSHOVE, HOPGOOD, GONZALES and TOMA.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

27. On October 25, 2023, Defendant BLAKE BITNER approached employees of Plaintiff GENERIS ENTERTAINMENT for access to the premises and for copies of private business records and recordings.

28. After initially providing Defendant BLAKE BITNER with Munger's time card, Plaintiff GENERIS ENTERTAINMENT exercised its constitutional rights under the Fourth Amendment of the United States Constitution and demand a warrant be procured before Defendant BLAKE BITNER extracted any additional records or items.

29. This angered Defendant BLAKE BITNER.

30. Thereafter, Defendant BLAKE BITNER obtained a warrant (presumably from the local Saginaw County District Court).

31. Instead of serving the warrant at a reasonable time thereafter, Defendant BLAKE BITNER and others executed the warrant at approximately 6:00pm on Friday, October 27, 2023 during the busy dinner hour rush for this popular local restaurant.

32. Defendant BLAKE BITNER purposely decided to and did execute the warrant at this self-selected time because it was the most obstructive, intrusive, inconvenient, and costly time of the business week for a restaurant so as to unreasonable retaliate against Plaintiff GENERIS ENTERTAINMENT for requiring Defendant BLAKE BITNER to secure a valid judge-issued warrant.

33. Defendant BLAKE BITNER further retaliated against Plaintiff GENERIS ENTERTAINMENT by referring it to the enforcement division of the Michigan Liquor Control Commission, despite acting lawfully under the US Constitution, for further investigation and administrative charges merely because Plaintiff GENERIS ENTERTAINMENT required Defendant BLAKE BITNER to secure of a valid judge-issued warrant.

34. As a result of the actions of Defendant BLAKE BITNER, Defendant MARY ANNE DONLEY issued license violation charges against Plaintiff GENERIS ENTERTAINMENT for failing to cooperate with law enforcement officers and/or obstructed law enforcement officers in the course of their investigation while enforcing the Michigan Liquor Control Code and rules promulgated under the Michigan Liquor Control Code alleged to be contrary to Section 217 of the Michigan Liquor Control Code, M.C.L. § 436.1217, and/or contrary to Rule 436.1011(4) and failing to make

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

required records available for warrantless inspection, as alleged to be contrary to Section 217(3) of the Michigan Liquor Control Code, M.C.L. § 436.1217(3). See **Exhibit A**.

35. M.C.L. § 436.1217(2) provides that a licensee like Plaintiff GENERIS ENTERTAINMENT shall make the licensed premises available for inspection and search by a commission investigator or law enforcement officer empowered to enforce the commission's rules and this act during regular business hours or when the licensed premises are occupied by the licensee or a clerk, servant, agent, or employee of the licensee.

36. M.C.L. § 436.1217(3) provides the commission or a duly authorized agent of the commission may examine or copy the books, records, or papers of a person relative to a requirement pertaining to this act, access to which has been obtained pursuant to this section.

37. On information and belief, Defendant BLAKE BITNER was not a "duly authorized agent of the commission" on October 27, 2023.

38. Rule 436.1011(4) provides that "a licensee, or the clerk, servant, agent, or employee of the licensee… shall not refuse, fail, or neglect to cooperate with a law enforcement officer or a commission inspector or investigator in the performance of his or her duties to enforce the act or commission rules."

39. As being applied, M.C.L. § 436.1217(2)-(3) and Rule 436.1011(4) mandates warrantless permissionless searches of Plaintiff GENERIS ENTERTAINMENT contrary to the rights, privileges, and protections of the Fourth Amendment of the United States Constitution.

40. As being applied, Defendants are punishing or otherwise conspiring to punish Plaintiff GENERIS ENTERTAINMENT for not capitulating to the requirements of M.C.L. § 436.1217(2)-(3) and Rule 436.1011(4), the latter of which is contrary to the rights, privileges, and protections of the Fourth Amendment of the United States Constitution

41. Even as part of a closely regulated industry with a tradition of close government supervision, M.C.L. § 436.1217(2)-(3) and Rule 436.1011(4) fails the meet the minimum standards of reasonableness for a government search under *New York v. Burger*, 482 U.S. 691 (1987).

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

42. As being applied, M.C.L. § 436.1217(2)-(3) and Rule 436.1011(4) fails to have a substantial government interest for the criminal prosecution of Joshua Munger and fails to be necessary to further regulatory licensing scheme of liquor control.

43. Additionally, inspection program provided by M.C.L. § 436.1217(2)-(3) and Rule 436.1011(4) fails to have a properly defined scope so as to limit the discretion of the inspecting officers.

### COUNT I
### FOURTH AMENDMENT RETALIATION
### 42 U.S.C. § 1983
### (DEFENDANT BITNER ONLY)

44. The prior allegations are reincorporated herein.

45. The Fourth Amendment protects individuals and entities from unreasonable searches and seizures by Defendant BLAKE BITNER as an agent of government.

46. Having the right, privilege and protection of the Fourth Amendment of the United States Constitution to be free of warrantless and/or unreasonable searches, Defendant BLAKE BITNER cannot retaliate against Plaintiff GENERIS ENTERTAINMENT to requiring compliance with the Fourth Amendment to the United State Constitution.

47. Plaintiff GENERIS ENTERTAINMENT engaged in constitutionally protected conduct of opposing a government search without first securing a constitutionally-sufficient warrant from a neutral or detached judicial officer or fulfilling a well-recognized exception to the same.

48. Adverse action was taken against Plaintiff GENERIS ENTERTAINMENT that would deter a business of ordinary firmness from continuing to require agents of the government to secure a constitutionally-sufficient warrant or fulfilling a well-recognized exception to the same.

49. Then adverse action by Defendant BLAKE BITNER in executing the warrant in the most interfering, inconvenient, and costly time of Plaintiff GENERIS ENTERTAINMENT's week and turning over the refusal of a permissionless warrantless search to the MLCC to cause licensing problems was motivated at least in part by Plaintiff GENERIS ENTERTAINMENT's protected conduct of not granting a warrantless permissionless search.

50. Plaintiff GENERIS ENTERTAINMENT suffered damages as a result of the violation(s) of its rights under the United States Constitution which this Court can remedy by an order and/or judgment for an award of just compensation, damages (including nominal damages), plus interest and attorney fees.

### COUNT II
### MLCC'S INSPECTION PROGRAM
### FOURTH AMENDMENT VIOLATIONS – 42 U.S.C. § 1983
### (ALL DEFENDANTS)

51. The previous allegations are alleged word for word herein.

52. The MLCC Inspection Program provided by M.C.L. § 436.1217(2)-(3) and Rule 436.1011(4) is not a backdoor or shortcut for Defendant BLAKE BITNER (and other law enforcement officials) to get around the Fourth Amendment protections when conducting a criminal investigation into Joshua Munger.

53. The constitutional infirmities of MLCC Inspection Program created, maintained, used, enforced, and/or required by Defendants pursuant to M.C.L. § 436.1217(2)-(3) and Rule 436.1011(4) involve an established policy, custom, and/or practice that is contrary to rights, privileges, and protections of the Fourth Amendment of the United States Constitution and violated the same.

54. The MLCC Inspection Program provided by M.C.L. § 436.1217(2)-(3) and Rule 436.1011(4), as being applied, is unconstitutional under the Fourth Amendment to the United States Constitution.

55. Because of the violations of the Fourth Amendment to the United States Constitution, Plaintiff GENERIS ENTERTAINMENT suffers from imminent and credible threat of injury of government punishment in an administrative agency action (**Exhibit A**) despite that very tribunal lacking any authority or jurisdiction to decide any issues of constitutionality. See *Universal Am-Can, Ltd. v. Attorney General*, 494 N.W.2d 787, 791 (Mich. Ct. App. 1992).

### JURY DEMAND

56. A jury is demanded for all triable issues.

**RELIEF REQUESTED**

57. WHEREFORE, Plaintiff GENERIS ENTERTAINMENT respectfully requests this Court to—

- a. Issue an injunction against Defendant BLAKE BITNER under Count I to enjoin his ongoing retaliation and retaliatory actions due to Plaintiff GENERIS ENTERTAINMENT's refusal to capitulate to permissionless warrantless search(es) of its business records and premises;

- b. Award a money judgment, pursuant to 42 U.S.C. § 1983, solely against Defendant BLAKE BITNER in his personal capacity for damages suffered as result of his use of retaliation and retaliatory acts under Count I, including nominal and punitive damages;

- c. Issue a declaratory judgment against all Defendants in their official capacities pursuant to the *Declaratory Judgment Act* and 42 U.S.C. § 1983 that the MLCC Inspection Program provided by M.C.L. § 436.1217(2)-(3) and Rule 436.1011(4) violates the Fourth Amendment as applied;

- d. Issue an injunction against all Defendants enjoining MLCC Inspection Program provided by M.C.L. § 436.1217(2)-(3) and Rule 436.1011(4) being applied in the unconstitutional manner it does as outlined above;

- e. Award all costs, expenses, and attorney fees pursuant to law including but not limited to 42 U.S.C. § 1988(b); and

- f. Enter an order for all such other relief the court deems proper, equitable and required, see e.g. FRCP 54(c).

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

Date: October 8, 2024	RESPECTFULLY SUBMITTED:

/s/ Philip L. Ellison
OUTSIDE LEGAL COUNSEL PLC
by PHILIP L. ELLISON (P74117)
PO Box 107
Hemlock, MI 48626
(989) 642-0055
pellison@olcplc.com

Attorney for Plaintiff

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com