UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GENERIS ENTERTAINMENT, LLC,

        Plaintiff,                  Case Number 24-12661

v.                                               Honorable David M. Lawson

MARY ANNE DONLEY, KRISTIN BELTZER,
DENNIS OLSHOVE, HOON-YUNG HOPGOOD,
LEE GONZALES, EDWARD TOMA, and
BLAKE BITNER,

        Defendants.

_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTIONS FOR RECONSIDERATION AND TO SEVER AND STAY DAMAGES CLAIM

        The plaintiff company owns a bar and restaurant in Saginaw, Michigan. It has filed this lawsuit challenging the constitutionality of the administrative search provisions of Michigan's Liquor Control law, as well as the conduct of Michigan State Police officer Blake Bitner, who allegedly performed an administrative (and warrantless) search of its premises as a pretext when he was investigating a criminal incident. On July 8, 2025, the Court granted in part and denied in part several motions filed by the defendants to dismiss the amended complaint. Relevant here, the Court concluded that defendant Bitner was not entitled to qualified immunity on the plaintiff's claim that his search violated the plaintiff's Fourth Amendment rights, and that Michigan Liquor Control Commission (MLCC) Enforcement Director Mary Anne Donley was entitled to absolute prosecutorial immunity. Defendant Bitner has appealed the denial of qualified immunity, and that appeal is pending.

        The plaintiff has filed motions that address the way the case will proceed from here. It moved for reconsideration of the Court's dismissal of all of its claims against Donley. The plaintiff asks the Court to reinstate her (or her successor) as a defendant so that she may face its equitable

claims.  In another motion, the plaintiff asks the Court to sever and stay its claim against defendant Bitner, so that his interlocutory appeal of the Court's denial of qualified immunity does not delay the disposition of the portions of the complaint seeking injunctive relief.  The defendants also filed a motion for reconsideration of this Court's denial of their motion to dismiss the facial challenge to the warrantless inspection program or to certify the question for an interlocutory appeal.  At oral argument on the motion, however, it was agreed that the more efficient procedure is to litigate the question via a motion for summary judgment under Civil Rule 56, and their motion for reconsideration was dismissed.

      The Court finds no good reason to reconsider its order dismissing defendant Donely on the basis of prosecutorial immunity.  It is true that the immunity applies to the damage claim against her, and that the plaintiff also has sought in its amended complaint an injunction against the ongoing administrative proceeding premised on the inspection program's unconstitutionality.  But the Liquor Control Commissioners remain as defendants in their official capacity, which furnishes an ample basis to address the constitutional question.  The request to sever the damage claim against defendant Bitner likewise is unnecessary.  His appeal will not affect the litigation of the constitutional question, which will proceed apace with the adjudication of the summary judgment motions that have been filed already.  The plaintiff's motions will be denied.

I.

      The facts of the case were discussed in detail in the Court's earlier opinion addressing the motions to dismiss.  *See* ECF No. 39, PageID.524-26.  To summarize, defendant Blake Bitner attempted to seize employment records from the plaintiff's business without a warrant; the target employee was the subject of Bitner's criminal investigation.  When the plaintiff's manager refused, Bitner converted his effort into an administrative search that he said Michigan's liquor law

allowed. Still unsuccessful, Bitner left and returned during the business dinner rush to execute a search warrant, and then he referred the plaintiff for a liquor law enforcement action. Defendant Donely was the enforcement administrator at the time. The plaintiff's objection to all of this matured into a five-count amended complaint alleging that 1) Bitner's initial warrantless inspection was pretextual and that Donley's ongoing enforcement of the warrantless inspection program violates the Fourth Amendment (Count I); 2) Bitner retaliated against Generis for exercising its constitutional rights by referring it to the MLCC for prosecution (Count II) and by executing the warrant during the busy dinner rush (Count III); 3) Bitner and Donley violated its right to due process (Count IV); and 4) the MLCC Warrantless Inspection Program set out in Michigan Compiled Laws § 436.1217 and Michigan Administrative Rule 436.1011 is unconstitutional (Count V).

The defendants filed motions to dismiss. In an opinion and order, the Court held that the defendants' justiciability arguments lacked merit and that the case need not be stayed under *Younger v. Harris*, 401 U.S. 37 (1971), because the pending state enforcement proceedings against the plaintiff had been stayed with the State's consent. The Court also concluded that Count V of the plaintiff's amended complaint potentially stated a viable claim as a facial challenge to Michigan's warrantless inspection program and that defendant Bitner was not entitled to qualified immunity against Count I of the plaintiff's complaint, which alleged that he conducted an improperly pretextual administrative inspection. However, the Court determined that Bitner was entitled to qualified immunity on the plaintiff's retaliation and due process claims (Counts II, III, and IV), and that defendant Donley was entitled to absolute prosecutorial immunity on all of the plaintiff's claims against her.

Bitner filed a notice of appeal of the decision denying him qualified immunity on Count I. The plaintiff filed its two motions for reconsideration and to stay and sever claims. And the defendants filed their motion for reconsideration or to certify the question of the constitutionality of the Warrantless Inspection Program for an immediate appeal under 28 U.S.C. § 1292(b). As mentioned, the Court dismissed the defendants' motion and they have moved for summary judgment on Count V, which remains pending and is scheduled for oral argument next month.

II.

The plaintiff asks the Court to revisit its decision dismissing all of its claims against MLCC Enforcement Director Mary Anne Donley on the basis of absolute prosecutorial immunity. It asserts that immunity only applies to claims against Donley in her personal capacity for damages but does not extend to the claims in Count V, which sought prospective injunctive or declaratory remedies. The plaintiff acknowledges that Donley now has retired from her role at the MLCC and suggests the Court substitute her successor as a defendant under Civil Rule 25(d).

The defendants argue the plaintiff has failed to justify reconsideration since the Court previously concluded that the claims against Donley could "not be read to support a non-damages remedy." They also suggest that granting the plaintiff's request would not materially change the trajectory of the case because the MLCC commissioners remain in the case as defendants in their official capacities, and the Michigan Liquor Control Code does not establish a separate "enforcement director" position; Donley reported to the Commissioners, who would be bound by any injunction.

Under Eastern District of Michigan Local Rule 7.1(h), reconsideration of non-final orders may be granted if:

(A) The court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision;

(B) An intervening change in controlling law warrants a different outcome; or

(C) New facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision.

E.D. Mich. LR 7.1(h)(2) (effective Dec. 1, 2021).

Reflecting on the defendants' response to the motion for reconsideration, it is not clear that restoring the case against Donley would serve any useful purpose, and the plaintiff does not make explicit what function would be served by doing so. In its amended complaint, the plaintiff named Donley as a defendant in Counts I, IV, and V. Count I alleges that Donley's "ongoing enforcement" of the warrantless inspection scheme violates the plaintiff's Fourth Amendment rights. *See* Am. Compl. ¶ 64. Count V appears to lodge a similar objection to the statute's constitutionality. *See id.* ¶ 104 (indicating that the warrantless inspection program "violates the Fourth Amendment as authoritatively construed and practiced on an ongoing basis."). At oral argument on the motion to dismiss, the plaintiff explained that Count I represented its attempt to plead an as-applied challenge to the statute, while Count V represented a facial challenge. June 5, 2025 Motion Hr'g Tr., ECF No. 58, PageID.726-27. In its prior opinion, the Court held that Count IV, which asserted that Bitner and Donley violated the plaintiff's Due Process rights, was not viable. *See* ECF No. 39, PageID.558-60.

As the plaintiff points out, it is true that Donley's absolute prosecutorial immunity would be no obstacle to non-damages remedies. *See League of Women Voters of Ohio v. LaRose*, 741 F. Supp. 3d 694, 708 (N.D. Ohio 2024) (citing *Supreme Court of Va. v. Consumers Union of U.S., Inc.*, 446 U.S. 719, 736-37 (1980)). Acknowledging that premise, in its earlier opinion the Court opined that "[t]he plaintiff's statement that absolute immunity only forecloses a damages remedy

is true as it goes, but it is no reason not to dismiss the claims, like these, which cannot be read to support a non-damages remedy." ECF No. 39, PageID.546. The Court did not analyze in depth *why* the plaintiff's claims could not support a non-damages remedy against Donley, who was listed as a defendant on both Count I and Count V. The logic that compelled the Court to conclude that the plaintiff stated a viable challenge to the enforcement of the warrantless inspection statute as to the individual members of the Liquor Control Commission for Count V might carry over to Donley. And contrary to the defendants' argument, this reasoning is what the plaintiff asks the Court to reconsider here.

But in a more refined argument, the defendants suggest that reinstating a claim for equitable relief against Donley would be incompatible with the Local Rule's requirement that "correcting the mistake" would "change[] the outcome of the prior decision." E.D. Mich. LR 7.1(h)(2)(a). They reason that under *Ex parte Young*, 209 U.S. 123 (1908), the plaintiff's claims against the MLCC commissioners are treated as if they were brought against the MLCC itself, so adding Donley back to the case would have no material effect on the Court's decision or the eventual outcome of the case.

The claim in Count V — the facial challenge — was brought against Donley in her official capacity. *See* Am. Compl. ¶ 104 ("[T]the Court can provide relief by providing a declaratory judgment and/or injunction against all Defendants in their official capacities . . . ."). "*Ex parte Young* permits a private party to seek prospective injunctive relief against state officials in their official capacity before those officials violate the plaintiff's federal constitutional or statutory rights." *Skatemore, Inc. v. Whitmer*, 40 F.4th 727, 733 (6th Cir. 2022). That rule, essentially, is a legal "fiction" to work around a state's sovereign immunity "to the extent it sharply distinguishes between a state and an officer acting on behalf of the state." *Westside Mothers v. Haveman*, 289

F.3d 852, 861 (6th Cir. 2002). As a general matter, an official capacity suit "represent[s] only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 690, n. 55 (1978)). "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Ibid.*

The MLCC commissioners remain defendants in the case. According to the plaintiff, Donley was an employee of the Commission. The same interests represented by Donley would be represented by the commissioners.

The parties acknowledge that Donley no longer works for the commission. Although the plaintiff proposes rectifying that problem by substituting the new occupant of the office as a defendant, *see* Fed. R. Civ. P. 25(d), it has articulated no reason that step is necessary at this juncture. Of course, correcting the Court's supposed "error" would "change[] the outcome of the prior decision" with respect to the Enforcement Director's nominal status as a defendant, *see* E.D. Mich. LR 7.1(h)(2)(a), but as a functional matter, her presence would make no practical difference with regard to Count V, and reconsideration is unwarranted. *Cf. Robertson v. Univ. of Memphis*, No. 24-02429, 2025 WL 929220, at *6 (W.D. Tenn. Mar. 27, 2025) (refusing to substitute new defendant for prior officer in light of the presence of other defendants sued in their official capacities who were capable of providing the same relief).

Count I requires additional discussion, at least in part because of the ambiguous nature of the claim. According to the plaintiff, Count I represents the as-applied version of its Fourth Amendment challenge to the Warrantless Inspection Program, and it was pleaded against Bitner and Donley, but not the MLCC commissioners. Presumably, the equitable relief the plaintiff would seek if it prevailed on that claim would involve some sort of injunction against Donley (or

her successor) from continuing to press the suspended Liquor Control Commission enforcement proceedings or at least those portions charging that Generis failed to comply with a liquor inspection. (Take note that the Anti-Injunction Act, 28 U.S.C. § 2283, poses no barrier to such relief because that statute only prohibits federal courts from enjoining state *court* proceedings and "does not extend to state administrative proceedings." *Am. Motors Sales Corp. v. Runke*, 708 F.2d 202, 204 (6th Cir. 1983).)

The plaintiff's theory of liability for Count I primarily has focused on its contention that Bitner's search was unlawful because he was motivated by a desire to conduct a criminal investigation. *Cf.* Wayne R. LeFave, et al., 2 Crim. Proc. § 3.9(c) (4th ed.) ("The general prohibition in *Whren v. United States* on raising 'pretext' objections as a Fourth Amendment matter is inapplicable in 'special-needs and administrative-search cases.'") (citations omitted). Perhaps that is a form of an as-applied challenge, but it does not really implicate the statute itself. It does appear that the plaintiff claimed that *the scope* of Bitner's attempted search, particularly as it relates to his request for employee time records, exceeded what could be obtained lawfully via Michigan's warrantless inspection search provisions in their present form. *See* Am. Compl. ¶¶ 36-39. This theory is distinct and was not addressed in detail in the Court's prior opinion, *see* ECF No. 39, PageID.551-56 (focusing on the allegedly pretextual nature of Bitner's search), and it is unclear to what extent it could be addressed in his interlocutory appeal. In any event, the plaintiff does not seek reconsideration to better articulate that version of its claim.

Count I is not pleaded against the MLCC Commissioners and is only brought against Bitner and Donley. If the plaintiff ultimately prevails on an as-applied theory and seeks injunctive or declaratory relief with regard to the pending state administrative proceedings, it would argue that Donley's presence in the case may be necessary. She, or the occupant of her position, would be

- 8 -

positioned to comply with a court order directing that the administrative proceedings cease. Bitner, as an investigatory officer, likely would play little, if any, role in the proceedings other than (perhaps) as a witness. Recall, however, that the Court's prior opinion construed Count V of the amended complaint, which was pleaded against the MLCC Commissioners, to address both an as-applied *and* facial challenge. *See* ECF No. 39, PageID.527 (construing allegations in Count V and stating that "[a]lthough the language is not free of ambiguity, the language is sufficient to pose both a facial challenge to the validity of the statute authorizing the program and an as-applied challenge."). Because Count V can be construed to raise both claims, there is no need for reconsideration because the MLCC commissioners are capable of providing complete relief if the plaintiff should prevail on that theory.

The motion for reconsideration will be denied.

### III.

Concerned that defendant Bitner's appeal of the Court's denial of qualified immunity represents an example of "gamesmanship and litigation abuse," the plaintiff asks the Court to certify to the court of appeals that his appeal is frivolous and proceed with the litigation. In the alternative, the plaintiff invokes Federal Rule of Civil Procedure 21 and suggests that the Court sever its claim for damages from defendant Bitner from the remainder of the case, so that those portions of the case challenging the statute's constitutionality may proceed.

In a joint response, the MLCC defendants and Bitner deny that Bitner's interlocutory appeal is frivolous, emphasizing that it turns on a pure question of law and is not being pursued for delay, harassment, or other improper purposes. They also reject Generis' proposal to sever the portions of the complaint seeking money damages and suggest instead that the Court stay the entire case until Bitner's appeal is fully resolved.

The parties' different views about how the case should proceed are attributable, at least in part, to the somewhat confusing way in which the plaintiff has framed its claims, particularly its as-applied challenge. The better path through this procedural dispute does not take the form proposed by either side, however.

The plaintiff first suggests that the Court certify as frivolous defendant Bitner's interlocutory appeal of the Court's decision denying his motion to dismiss on the basis of qualified immunity and proceed with the case. In the ordinary course, a defendant denied qualified immunity may take an immediate appeal of that decision. *See Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985). The court of appeals's jurisdiction in an interlocutory appeal is limited to the "purely legal" questions. *Williams v. Maurer*, 9 F.4th 416, 427 (6th Cir. 2021) (quoting *Mitchell*, 472 U.S. at 527-28). That is, "whether the facts alleged . . . support a claim of violation of clearly established law." *Ibid.* It also is well-established that the "filing of a notice of appeal is an event of jurisdictional significance," and the appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *United States v. Holloway*, 740 F.2d 1373, 1382 (6th Cir. 1984) (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)). When a defendant appeals the denial of qualified immunity, the court of appeals instructs that the court should refrain from proceeding to trial and should stay discovery until the immunity issue is decided. *Kennedy v. City of Cleveland*, 797 F.2d 297, 299 (6th Cir. 1986).

But an interlocutory appeal represents a disruption to the ordinary course of litigation in the district court and, in some cases, "can be employed for the sole purpose of delaying trial." *Yates v. City of Cleveland*, 941 F.2d 444, 448 (6th Cir. 1991). For that reason, district courts in this circuit have recognized a procedure in appropriate circumstances to certify an appeal as

frivolous or dilatory to allow proceedings to continue. *E.g.*, *Boyer v. Petersen*, No. 15-888, 2016 WL 10520928, at *6 (W.D. Mich. Dec. 14, 2016) (collecting cases); *Grady v. Cratsenburg*, No. 22-11142, 2025 WL 1638801, at *1 (E.D. Mich. June 9, 2025); *Johnson on behalf of X.M. v. Russell*, No. 22-12638, 2024 WL 4728904, at *2 (E.D. Mich. Oct. 7, 2024); *Mockeridge v. Alcona Cnty. by Bd. of Comm'rs*, No. 21-12896, 2024 WL 492686, at *5 (E.D. Mich. Feb. 7, 2024) (similar). The Supreme Court and the Sixth Circuit have endorsed this procedure. *See Behrens v. Pelletier*, 516 U.S. 299, 310-11 (1996) ("[T]he District Court appropriately certified petitioner's immunity appeal as 'frivolous' . . . . This practice, which has been embraced by several Circuits, enables the district court to retain jurisdiction pending summary disposition of the appeal, and thereby minimizes disruption of the ongoing proceedings."); *Dickerson v. McClellan*, 37 F.3d 251, 252 (6th Cir. 1994) ("[This court has suggested in the past that a district court may have jurisdiction to certify an interlocutory appeal from the denial of qualified immunity as frivolous." (citing *Yates*, 941 F.2d 444). At least one court in this circuit, however, has expressed doubt about whether this procedure is permissible. *See McCann v. Fuller*, No. 19-1032, 2023 WL 10947210, at *2 (W.D. Mich. Aug. 1, 2023).

The plaintiff contends that Bitner's interlocutory appeal is frivolous (and should be certified as such) because if he prevails, the equitable claims against him will remain, since qualified immunity would only bar a damages remedy. That statement of law is true enough, but it does not clearly demonstrate that the appeal is frivolous. Bitner does have a right to test the validity of his purported immunity from damages. Although the timing of the appeal may seem somewhat disruptive to the plaintiff, there is no indication on this record that the appeal is abusive or unduly dilatory.

In its reply brief, the plaintiff suggests the Sixth Circuit's recent decision in *Mockeridge v. Harvey*, 149 F.4th 826 (6th Cir. 2025), forecloses the arguments Bitner will make on appeal. But that case did not address the same question this Court addressed in its earlier opinion. *Mockeridge* concerned a warrantless inspection of the curtilage around a set of "mini-cabins" by a county's code enforcement officials. The Sixth Circuit confirmed it was clearly established that the defendants could not execute a warrantless code-compliance search of the property without an opportunity for pre-compliance review. *Mockeridge*, 149 F.4th 2025 at 837. That holding may help the plaintiff, but the plaintiff's Fourth Amendment claim in this case is somewhat different. Generis's complaint explains that Bitner's warrantless inspection of its premises actually was motivated by his desire to conduct a criminal investigation of an employee and therefore was unlawful absent a warrant. *See* ECF No. 39, PageID.550. This Court held that the facts as alleged in the complaint did not establish that qualified immunity applied in light of case law making clear that an officer's subjective motivations matter when executing a warrantless administrative search. *Id.* at PageID.550-51. Further discovery therefore was necessary. *Mockeridge* does not speak to the issue of an officer's subjective motivations. *Cf. Ashcroft v. al-Kidd*, 563 U.S. 731, 742 (2011) (emphasizing that "[t]he general proposition, for example, that an unreasonable search or seizure violates the Fourth Amendment is of little help in determining whether the violative nature of particular conduct is clearly established."). The plaintiff has not established that the Court should certify the appeal as frivolous.

In order to move the case forward, the plaintiff proposes in the alternative that the Court sever the portions of its complaint that seek damages and stay the litigation as to those claims. Federal Rule of Civil Procedure 21 authorizes the court to "sever any claim against a party." Fed. R. Civ. P. 21. That is one possibility, but it is unnecessary. This Court has recognized previously

that despite an appeal, "in certain circumstances the district court may retain limited power to address aspects of the case not involved in the appeal." *Gaffers v. Kelly Servs., Inc.*, No. 16-10128, 2016 WL 8919156, at *1 (E.D. Mich. Oct. 13, 2016). Commentators have explained that "[a]n interlocutory appeal . . . does not oust district-court jurisdiction to continue with proceedings that do not threaten either the appeal's orderly disposition or its raison d'etre. . . . [And w]hen an appeal is taken under the 'collateral order doctrine,' the fact that the issues on appeal are separate from the merits of the case may mean that the pendency of the appeal does not oust the district court's jurisdiction to proceed with the case." Wright & Miller, 16A Fed. Prac. & Proc. Juris. § 3949.1 (5th ed.).

After the opinion on the motions to dismiss, the claims remaining in this case are the plaintiff's claim for damages against defendant Bitner and its claims for injunctive and declaratory relief based on its contention that the state's Warrantless Inspection Program violates the Fourth Amendment. As a functional matter the issues could have been pursued as two separate lawsuits, and Bitner's qualified immunity would pose no barrier.

The Court can continue to address the equitable claims without upsetting Bitner's appeal, which should not raise the constitutionality of the program at all, since that played no part in the Court's decision to deny qualified immunity. The defendants object that proceeding further might subject Bitner to discovery obligations from which he would be immunized if he prevails on appeal, but that is not problematic for two reasons.

First, the defendants asserted in their own motion for reconsideration that *no discovery* is necessary to address the plaintiff's claim that the law is facially unconstitutional. ECF No. 47, PageID.603 ("No witness could contribute to discerning the Liquor Control Code's (Code) meaning or scope, given that those are questions strictly for the Court."). Although the plaintiff's

response brief mentions a desire to undertake some discovery with respect to how the statute is applied, it does not indicate that discovery *from Bitner* is necessary to that inquiry.

Second, even if discovery from Bitner were necessary to adjudicate the as-applied equitable claims, it is not foreclosed by his qualified immunity appeal. In somewhat analogous circumstances, the Sixth Circuit has recognized that a trial court, while a qualified immunity appeal is pending, may permit discovery from the defendants who took an appeal "as non-party fact witnesses to events relevant to entirely separate claims brought against different defendants." *In re Flint Water Cases*, 960 F.3d 820, 827 (6th Cir. 2020). The "right to immunity is a right to immunity *from certain claims*, not from litigation in general" and "[g]ranting qualified immunity on only one of the claims may reduce discovery but it does not eliminate it." *Id.* at 826 (quoting *Behrens*, 516 U.S. at 312 (1996); *McLaurin v. Morton*, 48 F.3d 944, 949 (6th Cir. 1995)).

The same reasoning applies here. The claims against the MLCC defendants for equitable relief are distinct from the damages claim against Bitner. Discovery from Bitner likely is unnecessary to address the facial challenge to the Warrantless Inspection Program and although it may be necessary for the as-applied challenge, Bitner properly may be treated as a non-party.

The defendants suggest that a stay of the entire case might be justified if it was likely the Sixth Circuit's resolution of Bitner's appeal would settle other aspects of the case. But again, the Court's denial of qualified immunity to Bitner was not contingent in any respect on the constitutionality of the Warrantless Inspection Program; instead, it was based on Bitner's alleged abuse of that administrative search procedure regardless of its constitutionality, and a stay of the part of the case that questions the constitutionality of the program would not conserve judicial resources. If the court of appeals concludes that the plaintiff failed to plead adequately a claim against Bitner regarding the allegedly pretextual search or that the right was not clearly established,

then the appellate ruling is unlikely to elucidate much about the constitutionality of the warrantless search provisions.  A stay of the case is unnecessary.  To the extent any discovery from Bitner is needed to illuminate the scope of his search of Generis' premises to evaluate the as-applied claim (which likely will not be the case since the search was recorded on video, *see* ECF No. 20-2), he offers no reason the plaintiff could not obtain evidence from him as part of its pursuit of equitable relief.

Of course, the defendants never have formally moved to stay the proceedings, and simply mentioning a stay in a response brief is not a proper way to seek one.  *See* Fed. R. Civ. P. 7(b) ("A request for a court order must be made by motion.").  But they apparently have backed off that position, since they have filed their summary judgment motions that address the constitutional issues.

IV.

The plaintiffs have not argued persuasively that restoring Mary Anne Donley (or her successor) as an official capacity defendant would have any practical effect or the development of this case or that reconsideration of the dismissal of that party is warranted.  Bitner's appeal is not frivolous or unduly dilatory, and the Court need not certify it as such.  Nor is it necessary for the Court to formally sever the claims in this case that are and are not subject to the appeal.

Accordingly, it is **ORDERED** that the plaintiff's motion for reconsideration (ECF No. 40) is **DENIED**.

It is further **ORDERED** that the plaintiff's motion to certify defendant Bitner's interlocutory appeal as frivolous and to sever and stay the damages claim (ECF No. 46) is **DENIED**.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated: December 9, 2025